UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

   Plaintiff,

No.

v.

CHRISTODOULOS SANTAFIANOS,

Hon.

   Defendant.

_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Christodoulos Santafianos and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.  <u>Plea to Misdemeanor Information</u>. Defendant agrees to plead guilty to the Misdemeanor Information charging theft or conversion of a government record, in violation of Title 18, United States Code, Section 641.

2.  <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of a misdemeanor violation of Title 18, United States Code, Section 641, the following must be true: (1) Defendant knowingly; (2) embezzled, stole or converted to his own use or the use of another; (3) a record or thing of value of the United States, and (4) such value did not exceed the sum of $1,000. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3.  <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a misdemeanor violation of Title 18, United States Code, Section 641, is the following: 1 year of imprisonment; a 1-year period

of supervised release; a fine of $100,000; and a mandatory special assessment of $25. Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that Defendant lacks the ability to pay.

4. <u>Mandatory Restitution (MVRA)</u>. Defendant understands that he will be required to pay full restitution as required by law. The parties are currently unaware of any pecuniary losses, but recognize and agree that this could change based on facts that come to the attention of the parties prior to sentencing.

5. <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

From approximately 2015 until the present, Defendant has been employed by the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), as an Industry Operations Investigator (IOI) in the Detroit Field Division, Grand Rapids Field Office. During his employment, Defendant regularly received ATF records and communications that were not intended for public dissemination, including agency policies, documents marked law enforcement sensitive, records containing tax information under the National Firearms Act (NFA), Title 26, United States Code, Chapter 53 of the Internal Revenue Code, and other records clearly marked or intended for internal agency use only. Defendant clearly understood that these agency records were not to be released to third parties without prior approval of ATF management officials.

Beginning around 2019, Defendant released agency records, without prior approval or proper authority, to R.O., an individual linked to several gun rights' advocacy groups. ATF investigators determined that from about 2019 to the present, Defendant forwarded hundreds of agency records or communications to a personal email account maintained outside the security of the ATF computer system. Defendant then forwarded many of these documents to R.O. through his personal electronic mail account or through his cellular telephone. Gun rights' advocacy groups linked to R.O. commonly reported on or published the content of the ATF records very shortly after their release, on many occasions the very next day.

2

Specifically, on or about July 9, 2021, while in the Western District of Michigan, Defendant forwarded to R.O. an internal ATF notice of a thirty-day detail for Industry Operations Investigators to the Boston Field Division. This record contained sensitive information about upcoming ATF regulatory enforcement inspections of firearms manufacturers and distributors in the New England area. As with many of the sensitive agency records that Defendant released, gun rights' advocacy groups reported on the intended regulatory enforcement action and published the content of the thirty-day detail notice on various YouTube channels and websites within days of Defendant's unauthorized release and before any regulatory enforcement action could be undertaken.

Defendant also released to R.O. agency records regarding Polymer80 buy-build-shoot kits and Forced Reset Triggers. The Polymer80 documents included a Field Information record that directed IOIs on how to handle buy-build-shoot kits located at Federal Firearms Licensees (FFLs). The records regarding Forced Reset Triggers included a Technical Bulletin that contained NFA return or return information about two companies manufacturing that device and also discussed how ATF would handle such devices when located at FFLs. Defendant agrees that the unauthorized release of ATF records to R.O. on other instances from 2019 to the present constitutes relevant conduct for purposes of determining any sentence to be imposed on the misdemeanor information.

6. <u>Additional Terms – Defendant's Employment</u>. As part of this plea agreement, Defendant agrees to the following regarding his employment with ATF:

a. Effective the date of this plea agreement, Defendant resigns from his Industry Operations Investigator (GS-1801-13) position and federal service. Defendant's agreement to this plea makes his resignation self-executing and ATF will complete any paperwork necessary to process his resignation.

b. Defendant waives any right he may have to appeal his separation from the ATF and federal service to the U.S. Merit Systems Protection Board; waives any right he may have to file a complaint of discrimination with the U.S. Equal Employment Opportunity Commission; any matter that may be brought before the U.S. Office of Special Counsel; and waives any other rights to claims,

3

complaints, or grievances stemming from Defendant's employment with the ATF. Defendant also agrees to the dismissal, with prejudice, of all claims, complaints, or grievances against the ATF that Defendant has or could have made up to the effective date of this plea agreement.

c. Defendant agrees that he will never again apply for or obtain employment of any kind with the ATF or the U.S. Department of Justice;

d. Defendant agrees that in addition to his conduct constituting a violation of law, such conduct constitutes gross misconduct on the part of a federal employee.

7. Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.

8. Non-Prosecution Agreement. The U.S. Attorney's Office for the Western District of Michigan agrees not to further prosecute Defendant for violations of Title 18, United States Code, Section 641, or Title 26, United States Code, Section 7213, arising out of Defendant's unauthorized release of government records to R.O., an individual identified in a March 9, 2022 interview of Defendant by Special Agents of the ATF Internal Affairs Division. Defendant understands that the U.S. Attorney's Office is free to prosecute Defendant for any other unlawful

past conduct or any unlawful conduct that occurs after the date of this agreement, including crimes of violence or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not otherwise specifically referenced in this paragraph.

9. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

10. <u>The Parties Jointly Agree to the Following:</u>

a. <u>Stipulations Regarding Guideline Factors</u>. Defendant and the U.S. Attorney's Office agree and stipulate that the base offense level is 6, pursuant to U.S.S.G. § 2B1.1, assuming no specific offense characteristics or cross references

apply. If no specific offense characteristics or cross references apply, then the advisory guideline range is 0 to 6 months' imprisonment before any reduction for acceptance of responsibility. Defendant and the U.S. Attorney's Office each reserve the right to argue that specific offense characteristics, adjustments and departures are appropriate.

      b.    <u>Stipulations Regarding Criminal History</u>. There is no agreement as to the Defendant's criminal history or criminal history category.

      c.    <u>Stipulations Not Binding in Court</u>. The Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both the Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, Defendant cannot, for that reason alone, withdraw his guilty plea.

11.    <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no

trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c.    The right to confront and cross-examine witnesses against Defendant.

    d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12. <u>Waiver of Other Rights</u>.

a. <u>Waiver</u>. In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

b. <u>Exceptions</u>. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

i. Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

ii. Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

iii. the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

iv. Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

v. the guilty plea was involuntary or unknowing;

vi. an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

13. <u>FOIA Requests.</u> Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. <u>The Court is not a Party to this Agreement.</u> Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

15. <u>This Agreement is Limited to the Parties.</u> This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

16. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

17. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

18. <u>Deadline for Acceptance of Agreement</u>. If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by 4/28/2023, this agreement will be withdrawn automatically and will

thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

MARK A. TOTTEN
United States Attorney

4-20-23
Date

RONALD M. STELLA
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

04/20/2023
Date

CHRISTODOULOS SANTAFIANOS,
Defendant

I am Christodoulos Santafianos's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4-28-2023
Date

R. MICHAEL BULLOTTA
Attorney for Defendant